# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

Case No. 6D2024-1613
Lower Tribunal No. 24CF001845AOR

————————————————

RAY ANTHONY COMBS, JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

————————————————

Appeal from the Circuit Court for Orange County.
Kevin B. Weiss, Judge.

March 27, 2026

PER CURIAM.

Appellant, Ray Anthony Combs, Jr., appeals his convictions and sentences, alleging that the trial court erred when it: (i) improperly found that the State's surveillance footage met the *Wagner*[1] test; and (ii) infringed on his constitutional rights by denying his Florida Rule of Criminal Procedure 3.800(b) motion to correct sentencing error. As to the first argument, we affirm without comment. As to the

---

[1] *Wagner v. State*, 707 So. 2d 827 (Fla. 1st DCA 1998).

second, we briefly address Appellant's claim that his sentences are illegal under *Erlinger v. United States*, 602 U.S. 821 (2024).

After finding that Appellant had a prior record which qualified him for the mandatory minimum sentence imposed, the trial court sentenced Appellant to concurrent sentences of 123.15 months' imprisonment. In his rule 3.800(b) motion, Appellant argues that his sentences are illegal under *Erlinger* because a jury was supposed to engage in fact-finding regarding his previous convictions. Assuming *Erlinger* applies, any error in this case is harmless. *See Avalos v. State*, 419 So. 3d 299, 300 (Fla. 6th DCA 2025); *Ashford v. State*, 407 So. 3d 537, 537 (Fla. 5th DCA 2025); *Capra v. State*, 403 So. 3d 1063, 1064 (Fla. 5th DCA 2025). Similar to *Avalos*, Appellant is not challenging the "sufficiency or the weight of the evidence adduced by the State, or otherwise alleg[ing] any prejudice." 419 So. 3d at 300. Instead, Appellant alleges only procedural error in arguing that a jury, not a judge, should have found the facts that underlay his prior convictions.

"A harmless error analysis in this context looks to 'whether the record demonstrates beyond a reasonable doubt that a rational jury' would have found the requisite facts." *Id.* (quoting *Galindez v. State*, 955 So. 2d 517, 523 (Fla. 2007)). The record reflects Appellant had an extensive criminal record that clearly qualified him for the enhanced sentence. Because a rational jury would have arrived at the

2

same conclusion as the trial court regarding Appellant's prior convictions, any error is harmless and, therefore, not reversible error.

AFFIRMED.

TRAVER, C.J., and STARGEL and NARDELLA, JJ., concur.


Blair Allen, Public Defender, and Megan Banfield, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Alyssa M. Williams, Assistant Attorney General, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED